DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellant, Tabatha S., and awarded custody of her daughter, Crystal S., to the Sandusky County Department of Jobs Family Services. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The Trial Court abused its discretion and committed prejudicial error by granting the Motion for Permanent Custody filed by the Sandusky County Department of Job and Family Services because the evidence did not rise to the level of clear and convincing evidence that the child could not be placed with either parent within a reasonable time or should not be placed with the parents."
 {¶ 4} In July 2000, the Sandusky County Department of Jobs 
Family Services ("agency") received a referral indicating that appellant, then 14 years old, was pregnant and that the father was a 38-year-old man who had been living with appellant and her mother. An agency investigator interviewed appellant, who admitted having a sexual relationship with Thomas F., then 38 years old.[1] A safety plan was initiated for appellant and she was removed from her home and placed with her maternal aunt. Appellant ran away from her aunt's home, however, and on July 29, 2000, the trial court issued an ex parte order granting the agency emergency custody of appellant. In August 2000, appellant was located in Tennessee and brought back to Ohio. Appellant was placed in a foster home and she and her parents were referred to counseling services. Appellant ran away again in September 2000 and was not heard from until January 2001, when the agency learned that she had been admitted to a hospital in Monroe, Michigan, where she had given birth to a daughter, Crystal. Following Crystal's birth, the agency received temporary custody of mother and child and appellant and her daughter were placed together in a foster home.
 {¶ 5} On November 20, 2001, Crystal was placed in a new foster home and appellant returned to her mother's home. This arrangement continued until the time of the permanent custody hearing. In March 2002, appellant was permitted to start spending two nights each week and one weekend per month with Crystal at the baby's foster home. Appellant was expected to care for her daughter during those times.
 {¶ 6} The permanent custody hearing was held on September 17 and 18 and November 12 and 13, 2002, and on December 3, 2002, the magistrate filed a 73-paragraph decision in which he decided that permanent custody of Crystal be granted to the Sandusky County Department of Jobs 
Family Services. The magistrate found that appellant had failed to adequately remedy her poor independent living skills, inadequate parenting skills, and unemployment situation through individual and family counseling and other case plan services; that while appellant demonstrated motivation for things that were important to her such as obtaining her driver's license, she did not demonstrate that same motivation to obtain employment or develop parenting skills; that appellant's mother is unable to provide the family support appellant would require to appropriately parent and care for Crystal; that appellant demonstrated an inability to integrate and apply parenting concepts and responsibilities; that while appellant can articulate the tasks required of a parent, she has shown an inability to put those concepts into practice; that appellant was unable to focus her attention on Crystal and was easily distracted from caring for Crystal; that at the time of the hearing appellant had not developed sufficient parenting skills to be able to care for Crystal without significant oversight, prompting and support from others; that appellant was unable or unwilling to apply any of the concepts the independent living specialists had worked on with her and had difficulty even caring for her own needs such as personal hygiene.
 {¶ 7} Regarding the issue of whether an award of permanent custody to the agency would be in Crystal's best interest, the magistrate found that: neither of the maternal grandparents was a suitable relative for possible placement, and the only other two relatives who had been identified expressed an inability to care for the child; Crystal had become attached to her current foster parents and Crystal's need for a legally secure placement could not be achieved without a grant of permanent custody to the agency. The magistrate also found that the agency made reasonable efforts to prevent the need for permanent custody by providing parenting education, an early childhood intervention program, counseling for appellant and her parents, transportation to services when necessary, assistance in locating suitable housing, and other services.
 {¶ 8} The magistrate concluded that Crystal had been in the temporary custody of the Sandusky County Department of Jobs Family Services for more than 15 months of a consecutive 22-month period ending on or after March 18, 1999, and was not abandoned or orphaned and cannot or should not be placed with either of her parents within a reasonable time. Based on the foregoing, the magistrate found that granting permanent custody to the agency would be in Crystal's best interest.
 {¶ 9} On December 10, 2002, the trial court adopted the magistrate's decision. It is from that judgment that appellant appeals.
 {¶ 10} In granting a motion for permanent custody, the trial court must find that there is clear and convincing evidence that one or more of the conditions listed in R.C. 2151.414(E) exist as to each of the child's parents. If, after considering all the relevant evidence, the court determines, by clear and convincing evidence, that one or more of those conditions exist, the court can and must enter a finding that the child cannot be placed with either of his or her parents within a reasonable time or should not be placed with either parent. R.C. 2151.414(B)(1). Further, pursuant to R.C. 2151.414(D), a juvenile court must consider the best interest of the child by examining factors relevant to that case. Only if these findings are supported by clear and convincing evidence can a juvenile court terminate the rights of a natural parent and award permanent custody of a child to a children services agency. In re WilliamS. (1996), 75 Ohio St.3d 95. Clear and convincing evidence is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v. Ledford
(1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} In her sole assignment of error, appellant asserts that appellee did not present clear and convincing evidence that her daughter could not be placed with her within a reasonable time or should not be placed with her.
 {¶ 12} This court has thoroughly reviewed the entire record of proceedings in the trial court, including the transcript of the four-day hearing. Based upon the evidence summarized above and the law, we find that the Sandusky County Department of Jobs Family Services presented sufficient evidence to create in the mind of the trial court a firm conviction that Crystal S. could not be placed with her mother within a reasonable time or should not be placed with her, and that it was in the child's best interest to grant permanent custody to the Sandusky County Department of Jobs Family Services. The trial court heard the testimony of the couple who had been Crystal's foster parents for the past year as well as numerous caseworkers who were involved in helping appellant work toward reunification with her daughter for nearly two years. From those individuals, the trial court heard testimony that appellant showed a lack of initiative and motivation in learning parenting skills and in actively caring for her child during visitation, that she did not appear to understand the gravity of the situation and that she failed to follow through with suggestions as to parenting, housekeeping and looking for part-time employment. Caseworkers testified that they worked with appellant on practicing housekeeping skills and preparing healthy meals for her child. They discussed with her how to provide a safe environment for a child, how to encourage her child's development in various ways, and focused on health care issues. Caseworkers and the foster parents were in agreement that appellant required assistance from adults in caring for her daughter and was not capable of parenting on her own. Several witnesses testified that appellant was not making progress on her parenting skills and did not appear able to apply or follow up on the information she was provided. At the time of the hearing, appellant was living with her mother in a one-bedroom mobile home and sleeping on a sofa in the living room which did not appear to be large enough to accommodate a crib for Crystal. Caseworkers testified that they had worked at length with appellant and her mother to obtain suitable housing, but to no avail. Caseworkers further expressed concern about the ability and commitment of Laura S., appellant's mother, to provide a safe environment for appellant and Crystal in light of Laura's having approved of appellant's sexual relationship with a 38-year-old man when appellant was only fourteen.
 {¶ 13} Based on the foregoing, this court finds that there was clear and convincing evidence that an award of permanent custody to the Sandusky County Department of Jobs Family Services is in the best interest of Crystal S. and, accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
Judgment affirmed.
Judith Ann Lanzinger, J. and Arlene Singer, J., Concur.
[1] Thomas F., found to be the biological father of Crystal S., was convicted of corruption of a minor on March 15, 2002, and was incarcerated at the time of the dispositional hearing. He has not appealed the trial court's termination of his parental rights.